No. 2652.—ANDREW R. HYNES *v.* POLICE JURY OF MADISON PARISH.

An acknowledgment or waiver by the parish treasurer, of a warrant or claim against the parish, will not operate an interruption of prescription, unless it is shown that he was duly authorized to make such waiver.

An ordinance of the police jury, authorizing the president to waive prescription of debts against the parish, will not protect the holder of a warrant against the plea of prescription, although it has been duly acknowledged by the treasurer. Under such an ordinance, the president alone is competent to make the waiver.

APPEAL from the Thirteenth Judicial District, parish of Madison. *Hough*, J. *E. D. Farrar*, for plaintiff and appellant. *G. P. Dewees*, parish attorney, for appellee.

TALIAFERRO, J. This suit is brought on five parish warrants. The plea of prescription is made. Four of the five warrants are admitted

to be prescribed. The contest is only as to one of them, in regard to which the plaintiff aims to show prescription is interrupted. The warrant reads thus:

"No. 859.—The State of Louisiana, parish of Madison.

'$750. The treasurer of the parish aforesaid pay the order of A. K. Hynes, for bridge across Joe's bayou, seven hundred and fifty dollars and —— cents. Ordinance at April session, 1870.

"JOSIAH STAMBOROUGH,
"President of the Police Jury.

"Attest: JOHN T. MASON, Clerk.

"*Richmond, La., June* 7, 1861."

Across the instrument is written:

"Not paid for want of funds. December 26, 1862.

"A. E. ADAMS, Treasurer.

"Indorsed: R. HYNES. Presented September 13, 1867.

"E. B. TOWN, President. Police Jury."

It is shown that since the late war the police jury of the parish of Madison, in order to avoid costs and expenses that might arise from the bringing of suits against the parish, authorized its president to waive prescription on all obligations against the parish, not already prescribed; and Town, at that time president, testifies that his indorsement on the warrant, at the time it was presented, was made for the purpose intended by the ordinance. The question now arises, what bearing has the treasurer's act in relation to the plea of prescription? The warrant bears date June 7, 1861, and on the twenty-sixth of December, 1862, he writes across its face, "Not paid for want of funds." If this is to be considered an acknowledgment of the validity of the claim that is binding on the parish, then, five years not having intervened between the twenty-sixth of December, 1862, and the thirteenth of September, 1867, the obligation is not prescribed. But there is no authority shown in the treasurer to acknowledge claims against the parish. His duties are defined and specific; and the authority to acknowledge debts against the parish, or to waive prescription is not, so far as shown, among them. The fact that the police jury, by formal ordinance for that purpose, empowered the president of that body to make such acknowledgment and waiver, indicates that, in the opinion of that body, its treasurer had not the right. An agent's acknowledgment of a debt will interrupt prescription, if his authority be express or fairly implied from the character of the agency. We think such authority in the parish treasurer is not to be inferred from the nature of his functions. We conclude, therefore, that the plea of prescription must prevail.

It is therefore ordered, adjudged and decreed that the judgment of the District Court be affirmed, with costs in both courts.

Rehearing refused.